TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:     (202) 598-7863
Email:         daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>　　　　Federal Defendants,<br><br>and,<br><br>ANSCHUTZ EXPLORATION CORPORATION and STATE OF UTAH,<br><br>　　　　Intervenor-Defendants. | **FEDERAL DEFENDANTS' REPLY TO INTERVENOR-DEFENDANTS' RESPONSE TO JOINT MOTION FOR A NINETY-DAY STAY OF PROCEEDINGS (ECF NO. 52)**<br><br>Case No. 2:23-cv-00804-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

　　　　The Court should grant Federal Defendants and Plaintiff's Joint Motion for a Ninety-Day Stay of Proceedings to allow the original parties in this case to continue settlement negotiations and resolve this dispute. *See* ECF No. 46. In response to the Joint Motion, Intervenor-Defendants do not argue that the Court should decline to issue a stay. ECF No. 52 ("Intervenor Defs.' Resp."). Instead, Intervenor-Defendants appear to support a stay but seek a judicial order requiring their

inclusion in any future settlement discussions. *Id.* at 5. This request lacks both legal support and practical utility. The Court should therefore reject it.

As Plaintiff explains in its separate reply brief, ECF No. 53 at 2–4, Intervenor-Defendants are incorrect that their status as parties entitles them to participate in settlement negotiations. *See* Intervenor Defs.' Resp. 3–4. Indeed, a court in this District has observed that case law on this topic supports the opposite conclusion: "intervenors are not automatically entitled to participate in settlement negotiations." *S. Utah Wilderness All. v. United States Bureau of Land Mgmt.*, No. 2:21-CV-91-DAK-JCB, 2022 WL 1597672, at *2 (D. Utah May 19, 2022) (citing *United States v. Cannon Eng'g Corp.*, 899 F.2d 79, 93 (1st Cir. 1990); *Sierra Club v. McCarthy*, No. 13-CV-3953-SI, 2015 WL 889142, at *12 (N.D. Cal. Mar. 2, 2015), *aff'd sub nom. Sierra Club v. North Dakota*, 868 F.3d 1062 (9th Cir. 2017); *WildEarth Guardians v. U.S. Forest Serv.*, 778 F. Supp.2d 1143, 1149 (D.N.M. 2011)). Generally speaking, "[t]here is no requirement that the Government allow third parties to participate in settlement negotiations," so there is no basis for granting Intervenor-Defendants' request here. *See United States v. Kerr-McGee Corp.*, No. CIVA07CV01034EWNKMT, 2008 WL 863975, at *7 (D. Colo. Mar. 26, 2008) (quoting *United States v. BP Exploration & Oil Co.*, 167 F.Supp.2d 1045, 1052 (N.D. Ind. 2001)).

Despite the absence of "any governing law requiring intervenors to be party to any or all settlement negotiations," *S. Utah Wilderness All.*, 2022 WL 1597672, at *2, Intervenor-Defendants ask the Court to create a novel right to participate in settlement discussions based on the mere "potential" that a settlement might adversely affect them, Intervenor Defs.' Resp., at 4. Intervenor-Defendants tacitly recognize that other settlements might not so affect their rights. *E.g.*, *S. Utah Wilderness All.*, 2022 WL 1597672, at *2–3 (holding that an agreement to remand the challenged action for further analysis "does not unfairly affect Intervenors"). Because the original parties have

2

not yet reached agreement on potential settlement terms, however, Intervenor-Defendants' concerns about potential prejudice are unripe. *See id.* at *3 ("the anticipation of such violations is merely premature speculation and not ripe for adjudication").

Nor will Intervenor-Defendants be prejudiced if settlement discussions proceed without them. Of course, the original parties cannot through settlement impose duties or obligations on Intervenor-Defendants without their consent. Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 529 (1986). And should Intervenor-Defendants disagree with any of the terms of a settlement, they may object to those terms if a settlement can be reached.

In contrast, requiring Intervenor-Defendants' involvement in settlement negotiations *would* hinder those negotiations, thereby prejudicing the original parties to the case. Because Intervenor-Defendants do not have a claim to compromise, they are not a necessary party to the settlement discussions. *WildEarth Guardians*, 778 F. Supp. 2d at 1149 (holding that the original parties "are free to negotiate a settlement agreement without consulting" with intervenor-defendants). Intervenor-Defendants' presence in settlement discussions would thus "only tend to complicate the negotiations." *See Vulcan Soc. of Westchester Cnty., Inc. v. Fire Dep't of City of White Plains*, No. 78 CIV. 911 (ADS), 1979 WL 259, at *1 (S.D.N.Y. June 28, 1979). Involving them would prolong the negotiation process without any guarantee—or even likelihood—that a resulting settlement agreement would meet with their approval.

Intervenor-Defendants' request to be involved in all future settlement discussions is thus unsupported, inefficient, and warrants rejection. The Court should grant the Joint Motion to Dismiss without any additional conditions.

Respectfully submitted this 26th day of July, 2024.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Daniel C. Luecke*
DANIEL C. LUECKE
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-7863
Email: daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*