IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDNERNESS ALLIANCE,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES BUREAU OF LAND MANAGEMENT, and CHRISTINA PRICE,<br><br>                Defendants. | **ORDER ON JOINT MOTION TO STAY PROCEEDINGS**<br><br>Case No. 2:23-cv-00804-TC-DBP<br><br>District Judge Tena Campbell<br>Chief Magistrate Judge Dustin B. Pead |

      Plaintiff Southern Utah Wilderness Alliance (SUWA) and Defendants U.S. Department of the Interior, U.S. Bureau of Land Management, and Christina Price (collectively, the Federal Defendants) have jointly moved the court to stay this proceeding until September 16, 2024. (Mot. to Stay, ECF No. 46.) SUWA and the Federal Defendants request a stay so that they can facilitate a negotiated final resolution to this case. (Id. at 1–2.) Intervenor-Defendants Anschutz Exploration Corporation (AEC) and the State of Utah "do not oppose the 90-day stay <u>on the condition that</u> the Alliance and Federal Defendants involve them in all settlement discussions and negotiations going forward." (Resp. in Opp'n, ECF No. 52 at 2 (emphasis in original).) The Intervenor-Defendants argue that the court should, for pragmatic reasons, allow them to participate in the settlement negotiations. (Mot. for Leave to File Surreply, ECF No. 57 at 2.)

      The court is not persuaded by the Intervenor-Defendants' argument. First, it is not clear if their participation in the settlement negotiations would streamline the process. Indeed, given SUWA's and the Federal Defendants' intentions to negotiate settlement alone, adding the Intervenor-Defendants to the negotiations might prolong the process. Next, the Intervenor-Defendants have failed to cite to any governing law requiring that intervenors be party to any or

all settlement negotiations.  Under similar circumstances, this court rejected arguments from intervening parties that excluding them from settlement negotiations "violated [one's] rights as an independent party to the litigation and another['s] … due process rights."  S. Utah Wilderness All. v. U.S. Bureau of Land Mgmt. Blueribbon Coal., Inc., No. 2:21-cv-91-DAK-JCB, 2022 WL 1597672, at *2 (D. Utah May 19, 2022).  Moreover, it is well settled that parties, including intervenors, may not prevent other parties from settling their own disputes.  Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland, 473 U.S. 501, 528–29 (1986); see San Juan Cnty. v. United States, 503 F.3d 1163, 1189 (10th Cir. 2007), abrogated on other grounds by Hollingsworth v. Perry, 570 U.S. 693 (2013) ("[I]ntervenor[s] ha[ve] no power to veto a settlement by other parties."); see also United States v. Cannon Eng'g Corp., 899 F.2d 79, 93 (1st Cir. 1990) (holding that excluding a party from settlement negotiations does not render a settlement improper).

       The parties and the court agree that the Intervenor-Defendants have interests at stake in this action and that they may object to a settlement if one is reached.  (See Order & Mem. Decision dated May 10, 2024, ECF No. 41 at 5–6 (finding that intervenors have interests at stake in this action); ECF No. 52 at 3; see also Replies, ECF Nos. 53 & 56 at 3 (agreeing that Intervenor-Defendants may object to terms of a settlement that they disagree with).)  But the court does not find, even for pragmatic reasons, that the Intervenor-Defendants' participation in the settlement negotiations is required.

       In any event, staying this proceeding will not unnecessarily delay the case.  Due to scheduling constraints, the court is unable to hold a hearing on the motions to dismiss until late September at the earliest.

## ORDER

Accordingly, the court GRANTS the joint motion to stay (ECF No. 46) and STAYS this proceeding until September 16, 2024. Finding that additional briefing on the issue is not necessary, the court also DENIES the Intervenor-Defendants' motion for leave to file a surreply (ECF No. 57). On September 16, 2024, SUWA and the Federal Defendants must file a status report about the progress of the settlement negotiations.

DATED this 29th day of July, 2024.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge