*Southern Utah Wilderness Alliance v. U.S. Department of the Interior*
Case No. 2:23-cv-00804-TC-DBP

**Exhibit 2** to SUWA's Response to Defendant-Intervenors'
Motions to Dismiss

Stipulated Settlement Agreement in *WildEarth Guardian v. Haaland*, 1:21-cv-00175-RC (D.D.C.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, | Case No. 1:21-cv-00175-RC |
| *Plaintiffs*, | The Honorable Rudolph Contreras |
| v. | |
| DEBRA HAALAND in her official capacity as Secretary of the Interior, *et al.*, | |
| *Federal Defendants*, | |
| and | |
| AMERICAN PETROLEUM INSTITUTE, *et al.*, | |
| *Defendant-Intervenors*. | |

## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Wildearth Guardians and Physicians for Social Responsibility, and Federal Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior; Tracy Stone-Manning, in her official capacity as Director of the Bureau of Land Management; and the Bureau of Land Management ("BLM"), who, by and through their undersigned counsel (collectively "the Parties"), state as follows:

WHEREAS, BLM, pursuant to the Mineral Leasing Act of 1920, issued twenty-eight decisions between December 2016 and December 2020, authorizing the sale of oil and gas leases on more than 1,153 parcels of public land in the states of Colorado, Utah, Wyoming and New Mexico;

WHEREAS, on June 9, 2021, Plaintiffs filed an Amended Complaint in the above-captioned suit alleging that the twenty-eight leasing decisions violated the National Environmental Policy Act ("NEPA");

WHEREAS, on July 30, 2021, Federal Defendants filed a Motion for Voluntary Remand Without Vacatur for the twenty-eight oil and gas leasing decisions challenged in this litigation, so that BLM could conduct further analysis. ECF Nos. 43, 62;

WHEREAS, on September 10, 2021, Plaintiffs notified the Court, in response to Federal Defendants' pending Motion for Voluntary Remand Without Vacatur, that Plaintiffs did not oppose such motion, subject to the Court maintaining continuing jurisdiction pending Federal Defendants' Motion for Voluntary Remand and the parties' ongoing settlement discussions—to which Federal Defendants objected, *see* ECF No. 62, and that the parties had reached an agreement in principle on a framework for settlement that would result in a stipulated dismissal of this case, as well as two related cases also pending before the Court: Nos.1:20-cv-56-RC and 1:20-cv-1724-RC. ECF No. 61;

WHEREAS, the Court, on October 20, 2021, granted a sixty-day stay of proceedings for the parties to finalize settlement. *See* October 20, 2021 Minute Order;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' legal claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the Parties desire to resolve Plaintiffs' claims according to the terms set forth below, and thus hereby stipulate and agree as follows:

1.  BLM will conduct additional NEPA analysis for the twenty-eight leasing decisions challenged in this litigation, consistent with the Court's prior decisions in *WildEarth Guardians v. Haaland*, 16-cv-1724 (D.D.C.).

2.  Upon completion of the additional NEPA analysis and related documentation, BLM will issue one or more decisions.

3.  During the pendency of additional NEPA analysis conducted pursuant to this Agreement, BLM will, within ten business days of receipt of a complete package for an Application for Permit to Drill ("APD") on any lease parcel sold pursuant to the twenty-eight remaining leasing decisions challenged in this litigation, post notice of the application on a website identified by BLM, the web-link for which will be provided to Plaintiffs' counsel within seven days of execution of this Agreement. This provision does not obligate BLM to disclose confidential information provided by applicants for APDs to Plaintiffs.

4.  Plaintiffs will submit to the Court a stipulation of dismissal with prejudice (if acceptable to all parties), or a motion for dismissal and proposed order dismissing the case with prejudice (if at least one party objects to a stipulated dismissal), pursuant to Fed. R. Civ. P. 41, within seven days of execution of this Agreement. The Parties agree that Plaintiffs will ask the Court to retain jurisdiction solely for the purpose of resolving any motion for attorneys' fees and costs filed by Plaintiffs in accordance with the Equal Access to Justice Act.

5.  In the event that either party seeks to modify the terms of this Agreement or in the event of a dispute arising out of or relating to this Agreement, the party seeking modification or raising the dispute must provide the other party with notice of the claim

3

or modification. The Parties agree that they will meet and confer at the earliest possible time in a good-faith effort to resolve the issue before seeking judicial intervention.

6.   Plaintiffs' sole remedy for any failure by BLM to complete the obligations in Paragraph 1 is to rescind this Agreement and reinstate this litigation.

7.   Any future challenge to the adequacy of the NEPA analysis for the leasing decisions challenged in this litigation, following the completion of BLM's additional NEPA analysis required by Paragraph 1 of this Agreement, must take the form of an appeal to the Interior Board of Land Appeals or a new civil action under the judicial review provisions of the Administrative Procedure Act, and may not be asserted as a claim for violation of this Agreement or in a motion to enforce the terms of this Agreement. Nothing in this Agreement precludes or limits Plaintiffs from raising any claims against future decisions relating to the leases challenged in this litigation, including those based on the additional NEPA analysis. Federal Defendants reserve the right to raise any applicable claims or defenses to any such challenge.

8.   This Agreement is the result of compromise and settlement, and it is based on and limited solely to the facts involved in this case. This Agreement does not represent an admission by any party to any fact, claim, or defense concerning any issue in this case. Further, this Agreement has no precedential value and will not be used as evidence by any party in any other litigation except as necessary to enforce the terms of this Agreement.

9.   No provision of this Agreement will be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

4

10. The undersigned representatives of the Plaintiffs and Federal Defendants certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind such Parties to it.

11. This Agreement contains all of the terms of agreement between the Parties concerning the Plaintiffs' Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. The Agreement is binding on Plaintiffs and Federal Defendants once signed by both parties.

Dated: March 3, 2022

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Michael S. Sawyer*
MICHAEL S. SAWYER
Senior Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5273
Fax: (202) 305-0506
Email: michael.sawyer@usdoj.gov

*Counsel for Federal Defendants*

5

FOR PLAINTIFF WILDEARTH GUARDIANS

John Horning
Executive Director
WildEarth Guardians

FOR PLAINTIFF PHYSICIANS FOR SOCIAL RESPONSIBILITY

Barbara Gottlieb
Environment and Health Program Director
Physicians for Social Responsibility

6