Mark D. Gibson (*pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-4837
mdgibson@hollandhart.com

Andrew C. Lillie (*pro hac vice*)
Jason A. Pedraza *(pro hac vice)*
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8121
aclillie@hollandhart.com
japedraza@hollandhart.com

Shawn T. Welch (7113)
Andrew P. Revelle (18518)
HOLLAND & HART LLP
222 South Main, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
aprevelle@hollandhart.com

*Attorneys for Intervenor-Defendant Anschutz Exploration Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR et al.;<br><br>    Defendants,<br><br>and,<br><br>ANSCHUTZ EXPLORATION CORPORATION and STATE OF UTAH,<br><br>    Intervenor–Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:23-cv-00804-TC-DBP<br><br>Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Intervenor-Defendant Anschutz Exploration Corporation ("AEC") respectfully submits

this Notice of Supplemental Authority pursuant to DUCivR 7-1(c).

On January 16, 2025—the same day as the hearing on AEC's and the State of Utah's motions to dismiss—the Bureau of Land Management ("BLM") published in the *Federal Register* a Notice of "Intent To Prepare an Environmental Impact Statement for the Oil and Gas Leasing Decisions in Seven States From February 2015 to December 2020." 90 Fed. Reg. 4,779 (Jan. 16, 2025) ("EIS Notice") (attached as Ex. A). The EIS Notice encompasses the leases that Plaintiff Southern Utah Wilderness Alliance ("SUWA") challenged in this lawsuit and is thus pertinent and significant authority that AEC brings to the Court's attention before the Court enters a decision on these motions.

The EIS Notice is relevant to the issues of ripeness and standing. *See* AEC Mot. to Dismiss at 4–9, ECF 42; Joint Reply in Support of Mots. to Dismiss at 3–12. That BLM now plans to undertake a comprehensive EIS on the challenged leases reinforces the point that BLM's decision-making process is still ongoing, and SUWA's claims are not yet ripe for judicial review. Similarly, this forthcoming EIS continues to highlight any injury SUWA faces is too remote and conjectural to support standing. Moreover, the forthcoming EIS and BLM's final decisions on the leases could redress SUWA's concerns, obviating the need for this legal challenge.

The forthcoming EIS incorporates SUWA's main concerns. 90 Fed. Reg. 4,779. "The EIS will provide a comprehensive analysis of the potential environmental impacts from these leases, which have been remanded to BLM for further review, including the impacts of greenhouse gas emissions (to include the social cost of carbon) and other common impacts." *Id.* In fact, "BLM may elect to include additional analysis in the EIS for resources and impacts beyond greenhouse gas emissions, climate change, and the social cost of greenhouse gases." *Id.* Due to "[t]he number of leases and amount of acreage at issue [BLM] may [analyze] other common impacts, such as those to wildlife, water resources, and night skies." *Id.*

Further, the EIS Notice initiates a "public scoping process," in which SUWA can participate. *Id.* "The purpose of this public scoping process is to solicit information from the public related to these leases. Information received during this process will influence the development of the EIS and guide the scope of the environmental analysis." *Id.* BLM will take "[c]omments on issues, impacts, and potential new alternatives to be analyzed, as well as [] relevant information, studies, or analyses," through March 17, 2025. *Id.*

Finally, the EIS Notice confirms that BLM may affirm, modify, or cancel these leases outright at the conclusion of its administrative process. *Id.* at 4,780 (stating that BLM could affirm or not affirm the issuance of these leases under the terms, conditions, and stipulations as originally issued). Based on this latest agency action, it is apparent that BLM has not consummated its decision-making process or reached a final decision on the leases at issue here. SUWA's claims are unripe because they are dependent on contingent future events that may not occur as anticipated or at all. And SUWA's alleged injuries are simply too hypothetical and indefinite to support standing. The forthcoming EIS could in fact redress SUWA's concerns.

AEC respectfully requests that the Court take notice of this pertinent and significant supplemental authority before it enters a decision on the motions to dismiss.

DATED this 17th day of January 2025.

HOLLAND & HART LLP

/s/ Jason A. Pedraza
Jason A. Pedraza

*Attorneys for Intervenor-Defendant*
*Anschutz Exploration Corporation*