Stephen H.M. Bloch (UT #7813)
Landon Newell (UT #14738)
Hanna Larsen (UT #18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
(801) 486-3161
steve@suwa.org
landon@suwa.org
hanna@suwa.org

*Attorneys for Plaintiff*
*Southern Utah Wilderness Alliance*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE INTERIOR** *et al.*, <br><br> Defendants, <br><br> and, <br><br> **ANSCHUTZ EXPLORATION CORPORATION** and **STATE OF UTAH**, <br><br> Intervenor-Defendants. | **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 70)** <br><br> Case No. 2:23-cv-00804-TC-DBP <br><br> Judge Tena Campbell <br> Chief Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1(c)(2), Plaintiff Southern Utah Wilderness Alliance ("SUWA") provides this response to the Notice of Supplemental Authority (ECF No. 70) filed by Intervenor-Defendant Anschutz Exploration Corporation ("AEC").

The fact that Defendant Bureau of Land Management ("BLM") now intends to prepare an environmental impact statement ("EIS") rather than an environmental assessment ("EA") (*see* ECF No. 70-1) is legally irrelevant to the present motion to dismiss (ECF No. 42). If anything, it supports SUWA's argument that the Court should not sanction AEC's shell-game wherein it claims that the challenged leasing decisions had no legal consequence, while at the same time AEC continues to pursue its plans to develop the very same leases.

In the Tenth Circuit it is established law that (1) the <u>issuance</u> of an oil and gas lease is the consummation of the agency's decision-making process, and (2) legal consequences flow from that decision:

> We first ask whether the lease constitutes an irretrievable commitment of resources . . . . We conclude that issuing an oil and gas lease without an [no-surface occupancy] stipulation constitutes such a commitment. ... Because BLM could not prevent the impacts resulting from surface use after a lease issued, it was required to analyze any foreseeable impacts of such use before committing the resource.

*N.M ex rel. Richardson v. Bureau of Land Mgmt.*, 685 F.3d 683, 718 (10th Cir. 2009) (cleaned up). *See also S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1159 (10th Cir. 2013) ("Federal courts have repeatedly considered the act of issuing a lease to be a final agency action which may be challenged in court.") (citations omitted)); *Rocky Mountain Wild v. Bernhardt*, 506 F. Supp. 3d 1169 (D. Utah 2020) (J. Barlow) (challenge successfully brought against BLM leasing decisions).

As such, the nature of BLM's supplemental leasing analysis—whether an EA or EIS—is irrelevant. *See, e.g.*, *Sierra Club v. U.S. Dep't of Energy*, 287 F.3d 1256, 1263 (10th Cir. 2002) ("a challenge to the failure of an agency to comply with the NEPA procedures becomes ripe at the time the failure takes place, assuming the plaintiff has standing to bring the claim."). Here, SUWA is challenging BLM's leasing decisions—which have taken place and remain in effect—not future drilling on the leases, or BLM's pending supplemental NEPA analysis. *See id.* at 1264 (holding the claims to be ripe because plaintiff was "not challeng[ing] the building of the road, but rather the granting of the easement. That action has already taken place").

At its core, this case is a routine challenge to BLM leasing decisions. Those decisions remain in full effect, the leases remain valid, and the lessees—including AEC— have acquired and retain their rights to "explore for, drill for . . . [and] extract . . . all the leased resource[.]." 43 C.F.R. § 3101.12. AEC understands this fact and is relying on its valid leases to pursue BLM approval of several drilling permits. The supplemental leasing analysis, regardless of what form of NEPA it takes, does not alter that reality.

Respectfully submitted,

/s/ Landon Newell
Landon Newell
Stephen H.M. Bloch
Hanna Larsen

*Attorneys for Plaintiff*
*Southern Utah Wilderness Alliance*